COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


VAN BERNARD COLLINS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0253-00-1          JUDGE WILLIAM H. HODGES
                                        FEBRUARY 27, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                     Glen A. Tyler, Judge

          Thomas L. Northam (Vincent, Northam & Lewis,
          on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Van Bernard Collins, appellant, appeals his convictions for

entering a bank house while armed with a deadly weapon and for two

counts of using of a firearm in the commission of a robbery.

Appellant contends that his constitutional protection against

double jeopardy was violated when (1) he was convicted of robbery

and entry of a banking house with the intent to commit larceny

while armed with a deadly weapon, and when (2) he was convicted of

use of a firearm in the commission of a robbery and of entry into

a banking house with intent to commit larceny while armed with a

--------------------------------------------------

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

deadly weapon.  For the following reasons, we disagree and affirm appellant's convictions.

## Facts

On July 27, 1998, appellant entered a branch of Crestar Bank wearing a ski mask and carrying a 45-caliber pistol.  Appellant jumped onto the counter and placed a box on the counter, claiming that the box contained a bomb with motion sensors that would explode if the bank personnel did not "behave."  Appellant threatened to harm the bank tellers' families if the tellers refused to cooperate.  At gunpoint, appellant robbed teller Betty Lou Manuel of $5,454 and robbed teller Sandy Taylor of $19,448.  Appellant left the bank in a white Oldsmobile that was equipped with mag wheels and a spoiler.  The car was spotted within twenty minutes, chased, and eventually stopped.  Appellant was taken into custody.  The money was found near the place where appellant was apprehended.  The gun and ski mask that appellant had thrown from the car were later recovered by the police.  The ski mask contained appellant's saliva.

Prior to the offenses, appellant spray painted the bank's ATM camera in an effort to conceal what he planned to do later that day.  However, the paint dripped off the lens.  He also called the police dispatcher and reported an alleged automobile accident at a location far away from this bank.

Appellant was charged with entering a banking house while armed, two counts of robbery, two counts of use of a firearm in

-

the commission of a robbery, grand larceny, and with placing a hoax explosive device. Appellant pled guilty to all charges except entering the banking house while armed with a deadly weapon and the two firearm charges.

## Discussion

In determining whether appellant's constitutional right against double jeopardy was violated, we apply the test in Blockburger v. United States, 284 U.S. 299, 304 (1932). See Hill v. Commonwealth, 2 Va. App. 683, 705-06, 347 S.E.2d 913, 926 (1986).

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not.

Blockburger, 284 U.S. at 304. Further, "'if each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied notwithstanding any substantial overlap in the proof offered to establish the crimes.'" Hill, 2 Va. App. at 706, 347 S.E.2d at 926 (quoting Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975)).

This Court has held that convictions for robbery and for entry into a banking house with the intent to commit larceny while armed with a deadly weapon do not violate the accused's constitutional protection against double jeopardy. Hill, 2 Va.

-

App. at 705-06, 347 S.E.2d at 926.  Therefore, appellant's claim to the contrary is without merit.

Appellant's second claim, that his conviction for two counts of use of a firearm in the commission of a robbery and his conviction for entry of a banking house while armed with a deadly weapon violate his constitutional protection against double jeopardy, is also without merit.  Code § 18.2-53.1 provides in part:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery.

Code § 18.2-93 provides:

> If any person, armed with a deadly weapon, shall enter any banking house, in the daytime or in the nighttime, with intent to commit larceny of money, bonds, notes, or other evidence of debt therein, he shall be guilty of a Class 2 felony.

In order to prove the firearm charge under § 18.2-53.1, the Commonwealth had to prove that appellant used or displayed a gun in the commission of a robbery.  The location of the robbery was irrelevant.

In order to prove the offense pursuant to Code § 18.2-93, the Commonwealth had to establish that appellant entered a bank while armed with a deadly weapon, but evidence of use or display of the weapon is not an element of this crime.  Once appellant entered the bank while armed, this offense was complete.

-

Whether appellant committed a robbery was irrelevant.  Clearly each offense required proof of a fact that the other did not, and the Blockburger test was satisfied.  Appellant's convictions for use of a firearm in the commission of a robbery and for entry into a banking house while armed with a deadly weapon did not violate the double jeopardy clause.

For these reasons, appellant's convictions are affirmed.

<u>Affirmed.</u>